UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARTAGNON TABOR, | Case No. 2:22-cv-01249-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 12 & 18. I will grant plaintiff's motion, deny the Commissioner's, and remand for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In March 2020, plaintiff filed an application for DIB, alleging disability beginning April 3, 2018. Administrative Record ("AR") 162-70. After his application was denied both initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ on March 16, 2021. AR 33-57, 93-98, 100-06. On May 12, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-28. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since April 3, 2018, the alleged onset date.

\* \* \*

3. The claimant has the following severe impairments: an impingement syndrome of the right shoulder, superior glenoid labrum lesion of the right shoulder, and superior labrum, anterior to posterior (SLAP) lesion *status post* right shoulder arthroscopic surgery and degenerative disc disease of the cervical spine.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can walk for 6 hours in an 8-hour day; he should only occasionally push and/or pull with his right upper extremities; he should only occasionally reach overhead with his right upper extremity and can frequently reach in all other directions.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1968 and was 49 years old, which is defined as a younger individual age 18-48, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 3, 2018, through the date of this decision.

AR 17-28 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises three arguments. First, he argues that the ALJ's evaluation of the Residual Functional Capacity ("RFC") was deficient and contrary to the medical evidence. ECF No. 13 at 18. Second, he argues that the ALJ erred in crafting the RFC by assessing a greater capacity than was determined by any medical source. *Id.* at 21. Finally, he argues that the appointment of Andrew Saul as Commissioner of Social Security violated the separation of powers. *Id.* at 22. I find plaintiff's first argument persuasive and remand on that basis.

Under the Commissioner's revised regulations, opinions of treating physicians are no longer accorded the deference owed under the prior "physician hierarchy." *See Wood v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Consequently, an ALJ no longer need provide "specific and legitimate" reasons for rejecting a treating physician's opinion. *See id*. Instead, the ALJ is to evaluate each medical opinion's persuasiveness based on (1) supportability; (2) consistency; (3) the provider's relationship with the claimant; (4) the provider's specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(a), (c)(1)-(5). While all factors must be considered, "supportability" and "consistency" are the primary considerations. 20 C.F.R. § 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . . objective medical evidence.'" *Woods*, 32 F.4th at 791-92. "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792. Now, "the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id*. at 787. However, the ALJ is still

required to "provide a coherent explanation of her reasoning" so that judicial review may be effective. *Sam-Chankhiao v. Kijakazi*, 2022 WL 4222617, *3 (E.D. Cal. Sep. 13, 2022) (citing *Hardy v. Comm'r Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

Here, the ALJ failed to provide sufficient explanation for the weight assigned several medical opinions, including those provided by Dr. Warren Strudwick, Dr. Brendan Morley, and Joshua Medeiros, a physician's assistant. With regard to Dr. Strudwick, a treating physician, the ALJ determined that his opinion was not persuasive because it found that plaintiff was required to be off task for twenty-five percent of a typical workday or to miss three days of work in a week. ECF No. 11-3 at 25 (AR at 24). The ALJ also found that Dr. Strudwick's opinion was not consistent with his contemporaneous examinations of the plaintiff, though she does not specify what these inconsistencies are. *Id.* Instead, she broadly cited to Exhibit 7F, AR 24, which contains medical records ranging in date from May 2018 to December 2020, AR 1148-74. This failure is not an isolated one. Elsewhere, the ALJ rejected Dr. Brendan Morley's opinion that plaintiff could lift a maximum of ten pounds, concluding that this finding was based on "speculation and conjecture." AR 24. She did not explain how she arrived at this conclusion, or what alternate evidence bolstered her finding. These vague rejections of medical evidence hamper meaningful review and are inconsistent with the law of this circuit. *See Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source, and explain how [it] considered the supportability and consistency factors in reaching these findings.") (internal quotations and citations omitted); *see also Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . .").

Despite leaving the reader with the impression that she found Strudwick's opinion completely unpersuasive, the ALJ pivots to relying upon his assessment to reject another provider's findings: In evaluating the opinion of Joshua Medeiros, a physician's assistant who

opined that plaintiff would need six months to a year before returning to lifting activities, the ALJ noted that the opinion was "not persuasive [because] it seems to not [have] considered the fact that Dr. Strudwick indicated that plaintiff had been doing relatively well . . . ." *Id.* The ALJ offered no justification as to why Dr. Strudwick's positive impressions, in contrast to his overall impressions of plaintiff's disability, were worthy of adoption. Indeed, a complete reading of Strudwick's findings shows that, notwithstanding plaintiff doing "relatively well" post-surgery, he persisted in believing that plaintiff remained "temporarily totally disabled." AR 1148-49. Additionally, in rejecting Medeiros's opinion, the ALJ emphasized that, unlike Strudwick, Medeiros was a one-time evaluator who based his opinion solely on records rather than direct examination. *Id.* (Interestingly, the ALJ then largely credited the opinion of Dr. Acinas, a state agency medical consultant who, like Medeiros, also based his opinion solely on a review of plaintiff's medical records.)[1] AR at 25.

In highlighting these potential inconsistencies, I do not suggest that the relevant medical opinions could not be reconciled. It behooves the ALJ, however, to explain how they logically interconnect. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (holding that the agency must "set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."). The ALJ did no do so here, and I will remand this case for additional proceedings on this basis. In so doing, I find it unnecessary to consider plaintiff's other arguments because neither, if accepted, would warrant immediate payment of benefits rather than a remand.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 18, is DENIED.

---

[1] The decision contains other apparent inconsistencies that further frustrate the court's ability to ascertain how the ALJ weighed the medical opinion evidence. For example, the ALJ rejected limitations assessed by both Dr. Schwartz and Dr. Strudwick, but then concluded that "[t]he residual functional capacity limits to the light exertional level or less just as indicated by Dr. Schwartz and Dr. Strudwick." AR 25.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   August 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE